## THE TRIPOLI.

(District Court, E. D. Pennsylvania. October 15, 1907.)

### No. 14 of 1905.

SHIPPING—INJURY OF STEVEDORE—LIABILITY OF VESSEL.

> Libelant, with other stevedores, was engaged in unloading ore from a vessel, when the winch which was being operated by them became defective. They continued to use it for a time, however, when the foreman came and called upon the ship's engineer, who undertook to remedy the defect and then said the winch was all right. It was then tried again; the foreman calling to those below to "look out." The winch failed to work properly, however, and some of the ore was spilled from the bucket while being hoisted, and fell upon libelant and caused his injury. *Held*, that having knowledge of the defective condition of the winch, and having been warned, libelant was negligent in not keeping out of the way, and that the vessel was not liable for the injury.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Shipping, §§ 349–351.]

In Admiralty. Suit by stevedore for personal injuries. On final hearing.

William J. Conlen and Jasper Yeates Brinton, for libelant.

Henry R. Edmunds and Convers & Kirlin, for respondent.

HOLLAND, District Judge. The libelant, Patrick Joyce, with other stevedores, was working upon the Tripoli on April 29, 1905, about 20 minutes of 11 at night, loading iron ore in buckets, which was being hoisted out at the time. He was working, together with other stevedores, for Morris Boney & Son, who were master stevedores employed to discharge the cargo of ore. The winchman, the

hatch tender, and the others employed about hatch No. 4, where the accident happened, were co-employés of the libelant. It was discovered by the hatch tender and winchman that the winch used to hoist the buckets at No. 4 was out of order; but the men concluded to run it slowly, notwithstanding its defective condition, in order that they might make at least a half day. It was worked in this condition until 20 minutes past 11 at night, when the foreman of the stevedores, Mr. Taylor, came aboard and noticed the defect. He sent for the ship's engineer, who did some fixing at it, and then said it was all right, to go ahead with the work. The foreman of the stevedores notified all in hatch No. 4, where Joyce was working, to "look out," and then directed the winchman to try the winch in hoisting a bucket of ore; but in the attempt to hoist the bucket after the repairs had been made it was discovered that the repairs had not prevented the defective working of the winch, and in raising the bucket some of the ore was thrown out and fell upon the plaintiff's head, as a result of which he sustained some injury, and was taken to the hospital, where he remained five days. The winch was then used no further, and it took the ship's officers about 1½ days to repair it.

The libelant seeks to hold the vessel responsible for this injury upon the ground that a defective winch was supplied for use in unloading the cargo. It is true the winch was defective; but it was discovered by the stevedores themselves, and they deliberately attempted to use it in its defective condition for the purpose of avoiding the loss of time, and took the risk of injury in thus using it. The ship's engineer, when called upon, made such repairs as appeared to him to be necessary, and a trial was then had, of which the libelant, with others in hatch No. 4, had notice, and he could easily have avoided any danger by observing such care as the circumstances, with which he was acquainted, required. He knew of the defective condition of the winch, as he had been working with it in that condition before the foreman attempted to have it repaired, and when he was notified to "look out" it was his duty to keep from under the bucket until the condition of the winch was ascertained.

The petition of libelant is dismissed.